Roane, Judge.
The deed to Hunter conveyed a fee simple in all the lands it professed to grant; but those were the enumerated parcels only, and not any others. The parties, however, appear to have afterwards thought that there wouitj be a convenience in continuing the road from Vicaris’s island to the forge; and therefore the memorandum was made; but that stipulated for a right of way merely, and did not convey the soil; which consequently passed by the deed to Richards. It is said, in opposition to this, that the plat annexed to Hunter’s deed passed the lands contained within the lines there laid down; and that these comprehend the land claimed by Richards as the place for erecting his mill: But that is an unreasonable construction, and would take in part of Dixon’s other lands; which I presume would hardly be contended for. As Richards’s grant extends to the edge of the river, he necessarily has the land on one side of it; but it is not clear to whom the bed of the river belongs; for it is not stated, in the proceedings, whether the stream is navigable in those parts or not. If it' be, it is plain that the bed is not in the appellants, as the soil of navigable rivers cannot be granted : And if it be not navigable, then the bed is not comprized, in terms, in the deed to Hunter, and the contiguous land, upon the main, did not belong to him ; so that either way the appellants are not entitled to it. The bed must therefore be either in Richards, as proprietor of the main land, and consequently owner to the middle of the river, or in the commonwealth, as a public highway for all the community: which last is probably the case. But the enquiry is unimportant; for Richards, whether the bed be in himself or in the commonwealth, may, in either event, exercise full dominion over the place through which the right of passage is claimed, although the appellants will be entitled to redress, if the way should ever be refused them. There is then, no objection to Richards’s petition upon the score of title to the land where he pur-' poses to erect his mill. And, upon the merits, independent of the title, I think he has the best claim to preference; not *447 only, because his land is of greater extent, and situated on the main, which seems more consistent with the views of the legislature; but because his adversaries have two mills in the neighbourhood already, which looks like monopoly. I think therefore that Richards ought to have leave to build his mill; for if the exceptions to the inquisition were more substantial than the appellants’ counsel represents them to be, they are all released. Whether the appellants should have leave to build a mill upon their petition also, may depend upon evidence not before the court; and therefore, if they wish for an opportunity to procure it, I am disposed to indulge them; but, in the mean time, I think the judgment in the other case ought to be affirmed.
Carrington, Judge. Hunter himself seems to have been of opinion that he had the privilege of a road only; and the claim to the soil appears to have been an after thought. Richards’s land, by the terms of his deed, extends to the water’s edge; and, although it is subject to Hunter’s right of way, that does not prevent him from the use of the land in every other respect; for if Hunter’s representatives are, at any time, obstructed in the enjoyment of their privilege, they will be entitled to redress by a suit for compensation in damages, or for some reasonable provision for a passage, and not to the exclusive occupation of the soil, in this particular place. There is consequently no objection to the petition of Richards upon that ground. The bed of the river is probably in the commonwealth, and therefore could not be conveyed. But it is not necessary to decide that question in this case; for as the bed is not comprized in the deed to Hunter, it must be in Richards as owner of the land on one side, if the river be not' navigable; or in the commonwealth, if it is; and either will authorize the application of Richards. As to Home’s petition, but little was said about it. He shews no title to any thing but the rocks; which were probably conveyed for a particular purpose, namely, that of being removed, in order to be used as raa *448 teriaIs for building at some other spot, and not as a site for erecting a mill; and, if so, the appellants have nothing to rest upon. But I give no opinion upon that point now, and shall be ready to hear further evidence upon it. In the mean tjmej however, I think the judgment in the other case ought to be affirmed.
Pendleton, President. The objections to the inquisition are so far from being substantial, that they scarcely amount to informality: But be that as it may, matters of form are all released, and therefore the objections fail. Whether the court could have directed a jury to try the title, I shall not decide until the argument in the case of Wood v. Boughctn, is over: but, if they had the power, they were clearly not obliged to exercise it; and therefore, the exception upon that ground, cannot be sustained. The observation of the counsel, that the law violates private rights and should be construed strictly, has but little weight with me; for none of the private rights assailed by the act, are in controversy. It might have applied to Mortimer, or to the appellants, if their lands would be overflowed by the erecting of Richards's mill; but nothing of that sort appears, and therefore the observation falls to the ground-. These works are of importance to the public; and should be favoured when not inconsistent with private rights, in the view of the legislature. The real question, then, in this case is, Whether Richards is well founded in his application for leave to build a mill? and that depends upon the rights of the parties. His title to the land on which he means to erect his mill, is clear; for the deed to Hunter only grants certain enumerated parcels, of which the land of Richards is not one, and the memorandum and plat do not change the nature of the conveyance; as the first merely stipulates for a right of way, and the latter, the limits within which it is to be enjoyed ; but neither passes the soil. A right of way then, is all that the appellants have; and what is the effect of such a privilege ? Although Hunter's representatives may have *449 a right to point out a particular way, having due regard to convenience, yet that does not hinder the proprietor from exercising his rights as owner of the land. Whenever a request for the way is made, the claims of the appellants may be discussed, and the location of the road settled; but, in the meantime, Richards is entitled to the full exercise of his rights, as proprietor of the soil. This brings us to en-quire to whom the bed of the river belonged. It is not stated in the proceedings, whether the stream, at this place, is navigable or not; but it is certain that the bed was either in Dixon, or the commonwealth. If in Dixon, he did not mean to convey it to Hunter; for his grant was only of the rocks, the islands, and perhaps the land under the rocks, but not the bed of the river; and if so, then it was embraced by the grant to Richards, or else it is in the commonwealth, as a public highway, never granted, because incapable of being appropriated to the use of a single individual. But it is altogether immaterial, whether the bed was in the commonwealth, or in Richards: for, in either case, the latter, owning the contiguous land, was authorized to apply to the court for leave to build a mill. As to the petition of Home, upon the records, taken separately, there would appear to be no reason to oppose it; but, taken together, it does not seem either necessary, or reasonable, to erect both mills. In questions concerning the grant of a privilege, diffusion into several hands, instead of a monopoly in one, is desirable; and, therefore, as Hunter’s representatives appear to have two mills in that neighbourhood already, I think Richards’s should be preferred. But I do not, by this, mean to preclude the appellants; for, if they can shew the propriety of granting them leave to build another mill, I shall be ready to hear them. I think proper to mention, however, that I also have some doubts whether the deed to Hunter passed the land under the rocks; which appear to have been conveyed for the purposes of masonry and objects at other places, instead of a site for a mill; and if so, the petition, in this case, is entirely defeated, as the petitioners would not be the owners *450 of the land on either side of the stream; and, therefore, . ... could not satisfy the requisitions of the act of assembly.
The judgment, in the case of Richards’s petition, is to be affirmed, and the other case continued.
Judgment, in the case of Richards’s petition, unanimously affirmed.
•In the case of the petition of Hunter’s representatives, Pendleton, President, delivered the resolution of the court as follows:
Home v. Richards, was thought to have been settled by the former decision ; but the parties desired to be heard on the evidence; and the only question now is, whether the mill would be injurious? The witnesses are divided; and the county court and district court, sitting in the neighbourhood, have both decided that it would; and there is nothing before this court to contravene that opinion. Therefore, the judgment of the district court must be affirmed.
Judgment, in the case of Hunter’s representatives, affirmed.